56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Timothy John O'MEARA, Appellant.
 No. 94-3834
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 8, 1995
Filed: May 31, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Timothy John O'Meara appeals the district court's order revoking his supervised release. O'Meara contends the district court violated Federal Rule of Evidence 410 at his revocation hearing by admitting a state court plea transcript showing O'Meara pleaded guilty to three counts of criminal sexual conduct. According to O'Meara, the transcript was inadmissible at the revocation hearing because the state court had not yet accepted his guilty plea, and O'Meara could have withdrawn the plea. See Fed. R. Evid. 410. O'Meara's contention fails because the Federal Rules of Evidence do not apply to revocation hearings. Fed. R. Evid. 1101(d); United States v. Zentgraf, 20 F.3d 906, 909 (8th Cir. 1994). Anyway, Rule 410 only bars the use of guilty pleas that are actually withdrawn. O'Meara did not withdraw his guilty plea to two of the sexual conduct counts, and the state court accepted the plea and sentenced O'Meara. Based on the plea transcript, the district court properly found O'Meara had violated a condition of his supervised release that prohibited him from committing another federal, state, or local crime. See 18 U.S.C. Sec. 3583(e)(3) (Supp. 1993). O'Meara's sexual conduct crimes carried a maximum penalty of twenty-five years imprisonment, and thus the district court properly revoked O'Meara's supervised release. See U.S.S.G. Secs. 7B1.1(a)(1)(B), 7B1.3(a)(1) (1994). Because O'Meara's counsel filed his brief under Anders v. California, 386 U.S. 738, 744 (1967), we have reviewed the record for other nonfrivolous issues, and we conclude there are none. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 2
 We affirm the district court's revocation of O'Meara's supervised release.